JacksonLewis

**Jackson Lewis P.C.**
58 South Service Road, Suite 250
Melville NY 11747
(631) 247-0404 Main
(631) 247-0417 Fax
jacksonlewis.com

MY DIRECT DIAL IS: (631) 247-4652
MY EMAIL ADDRESS IS: JEFFREY.BRECHER@JACKSONLEWIS.COM

May 1, 2026

**VIA ECF**

The Honorable Margo K. Brodie
Chief Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Arnold v. Metropolitan Jewish Health System, Inc.*
Case No. 1:26-cv-01127-MKB-JRC

Dear Judge Brodie:

We represent Defendant Metropolitan Jewish Health System, Inc. ("MJHS") in the referenced action. In accordance with Rule 3(A) of Your Honor's Individual Rules, we write to respectfully request a pre-motion conference regarding MJHS's proposed motion to dismiss Plaintiff's N.Y., Labor Law ("NYLL") § 195(1) and 195(3) claims pursuant to Fed. R. Civ. P. 12(b)(6). As detailed herein, Plaintiff fails to plead an injury-in-fact sufficient to establish Article III standing for her state law claims and, at any rate, Plaintiff's NYLL § 195(3) claim fails to state a cause of action.

**I. Background.**

MJHS is a not-for-profit health system serving the New York Metropolitan Area. Plaintiff is currently employed as a per diem Nursing Supervisor at the Isabella Geriatric Center, Inc. ("Isabella"), a nursing home within MJHS's health system.

Plaintiff alleges she is an hourly employee eligible for overtime. She claims she typically works 56 to 84 hours a week and is paid a flat rate of $80.00 an hour for all hours worked, including those hours in excess of 40 per week. In her Complaint, Plaintiff attempts to tie her allegations to a broad "straight time for overtime pay scheme" that purportedly deprived her and similarly situated employees of the "'time and a half' overtime premium wages owed for hours worked after

40 in a workweek." Compl., ¶ 7. Plaintiff brings a putative collective claim for the unpaid premium wages under the Fair Labor Standards Act ("FLSA") (Count I).

Plaintiff also alleges that this "straight time for overtime pay scheme" renders its wage notices and wage statements "inaccurate, incomplete, and/or non-compliant" with the obligations of the NYLL because they purportedly fail to list the overtime rate for Plaintiff and similarly situated employees. *Id.*, ¶¶ 8-9. Plaintiff brings putative class claims under NYLL §§ 195(1) and 195(3) (Counts II and III), seeking statutory penalties and attorneys' fees.

**II. Plaintiff Lacks Standing to Plead Her NYLL Claims Because She Fails to Plead Any Actual Injury Resulting from the Purportedly Inaccurate Wage Notice and Wage Statements.**

Courts II and III, for violation of NYLL § 195(1) and (3), must be dismissed because Plaintiff lacks standing to assert them. As the Second Circuit held in *Guthrie v. Rainbow Fencing, Inc.*, a plaintiff must plead "some causal connection" between the alleged deficiencies in the wage notice or wage statement and some "downstream harm" to bring these claims in federal court. 113 F.4th 300, 308 (2d Cir. 2024). To meet the elements of Article III standing, a plaintiff must allege "she would have undertaken advocacy and plausibly would have avoided some actual harm or obtained some actual benefit if accurate notices [or statements] had been provided." *Id.* at 308. *Id.* at 309. Importantly, "[w]hile an 'informational injury' resulting from a failure to provide wage statements or wage notice may give rise to standing," the "downstream consequences" must "show an interest in using the information beyond bringing a lawsuit." *Mata v. 144 Deli Grocery Store Corp.*, No. 25 Civ. 984, 2026 U.S. Dist. LEXIS 48958, at *10 (S.D.N.Y. Mar. 10, 2026) (*Reyes v. Coppola's Tuscan Grill, LLC*, No. 21 Civ. 7040, 2023 U.S. Dist. LEXIS 103745, at *16 (S.D.N.Y. June 13, 2023)).

Here, the only allegations Plaintiff offers to show she suffered any "downstream harm" from the purported wage notice or wage statement violation are conclusory, implausible, and/or inextricably tied to her efforts to commence this lawsuit. Plaintiff alleges the wage notices and wage statements she received were "inaccurate" because they did not correctly reflect an "overtime rate of pay at at least 1.5 times her regular rate of pay." Compl., ¶¶ 60-66. Yet, the only "concrete[] harm[]" she can identify from these alleged deficiencies is a delay in bringing an "earlier action to recover [the alleged] unpaid wages." *Id.*, ¶ 70 & 79. Because Plaintiff does not allege she is unable to recover her overtime compensation in this action, Counts II and III must fail.[1]

---

[1] Although Plaintiff alleges that members of the putative class "are now time-barred from recovering" certain overtime wages, she does not identify any unpaid overtime compensation that she is time-barred from seeking in this action. Indeed, it is implausible that the statute of limitations would have any impact on Plaintiff's claims because she began her employment with Isabella in 2025.

**III. Plaintiff's NYLL § 195(3) Claims Should Be Dismissed for the Additional Reason that Plaintiff Fails to Allege Her Wage Statements Did Not Accurately Reflect What She Was Actually Paid.**

In the alternative, the Court should dismiss Count II, alleging a violation of NYLL § 195(3), for failure to state a cause of action. Even if Plaintiff had standing to assert this claim, Plaintiff does not allege that her wage statements inaccurately reflected how she *was* paid.

In a recent decision, the New York County Supreme Court held that "NYLL § 195(3) only requires wage statements to accurately detail what an employee was *actually paid*." *Dorfman v. Skinnybond Inc.*, No. 161361/2024, 2026 N.Y. Misc. LEXIS 1525, at *8 (Sup. Ct., N.Y. Cty. Mar. 12, 2026) (emphasis added); *see also Mera v. Milos HY, Inc.*, No. 150880/2022, 2022 N.Y. Misc. LEXIS 10369, at *17 (Sup. Ct., N.Y. Cty. Oct. 13, 2022) (dismissing §195(3) claim where plaintiffs "concede[d] they received … wage statements, even if they were, according to them, inaccurate"). This is consistent with the purpose of the statute: to notify employees what they *are* being paid so they can use the information to determine whether they are being paid correctly. If the paystub, for example, indicates that they are paid $15.00 per hour (below the state minimum wage), employees can use that information to identify a minimum wage violation and have it corrected. Since the crux of Plaintiff's claim is that MJHS's wage statements did not accurately reflect the compensation she was purported *entitled to*—and not that they failed the list the amount she was *actually paid*—Count II must be dismissed.

* * * * *

MJHS respectfully requests a pre-motion conference be held at the Court's convenience to dismiss the foregoing grounds for dismissal of Counts II and III of the Complaint.

Respectfully Submitted,

JACKSON LEWIS P.C.

s/Jeffrey Brecher

Jeffrey W. Brecher
Marc A. Sittenreich
Ashley Flores

cc: All Counsel of Record

4906-2871-3895, v. 2